UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**PHILIP HORNE, ET AL.**  **PLAINTIFFS**

**V.**  **CIVIL ACTION NO. 1:05CV238 LTS-JMR**

**MISSISSIPPI POWER COMPANY, ET AL.**  **DEFENDANTS**

### MEMORANDUM OPINION

The Court has before it Plaintiff Philip Horne's (Horne) motion to remand. For the reasons set out below, the motion to remand will be granted.

This action has been brought by Horne and approximately 350 other property owners in Jackson County, Mississippi. The complaint was filed on August 10, 1999. The basic facts are summarized in the opinion of the Mississippi Supreme Court in Horne v. Mobile Area Water & Sewer System, 897 So.2d 972 (Miss. 2004).

Defendants removed this case for the first time on July 14, 2000. Judge Gex remanded the case on December 21, 2000. Judge Gex's decision to remand this case was based upon the untimeliness of the first removal, the lack of federal question jurisdiction, and the lack of diversity. None of the facts underpinning Judge Gex's decision has changed.

Defendants contend that the findings of the Mississippi Supreme Court in Horne v. Mobile Area Water & Sewer System, 897 So.2d 972 (Miss. 2004) have established that this case involves issues of federal law, creating federal question jurisdiction, but my reading of the Mississippi Supreme Court's opinion leaves me unconvinced that that is the case. Plaintiff's complaint states only state law claims, and under well-settled principles of law, no federal question jurisdiction exists in these circumstances.

Accordingly, I will grant the motion to remand. An appropriate order will be entered. Pursuant to 28 U.S.C. §1447(c), I will grant the plaintiff's request for an award of his actual expenses, including attorneys' fees, incurred as a result of this second removal. I will allow a period of fourteen days from the date of this order within which plaintiff shall itemize his claim for expenses and attorneys' fees. The defendants shall

likewise have a period of fourteen days from the date of the plaintiff's submission to respond to the itemization, unless this issue is resolved by negotiations between the parties.

    This the 14th day of November, 2005.

                                              s/ *L. T. Senter, Jr.*

                                              L. T. Senter, Jr.
                                              Senior Judge